UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 8, 2019

LETTER TO COUNSEL

RE: *Lisa M. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-788

Dear Counsel:

On March 17, 2018, Plaintiff Lisa M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for disability benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in March, 2015, alleging a disability onset date of January 20, 2015. Tr. 177-92. Her claims were denied initially and on reconsideration. Tr. 91-98, 106-07. A hearing was held on January 17, 2017, before an Administrative Law Judge ("ALJ"). Tr. 29-50. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-28. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, status-post right great toe amputation, degenerative disc disease, and obesity." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant would require a sit/stand option where they could change positions

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> generally every ten minutes, however the individual would not be off-task, as they would not have to walk away from the workstation. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. The claimant could never work around unprotected heights or operate a motor vehicle in a competitive work situation, and could tolerate only occasional exposure to humidity, wetness, and temperature extremes. The claimant would be able to frequently handle and finger with the dominant right upper extremity.

Tr. 17-18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 21-23. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 23.

In support of her appeal of the ALJ's decision, Plaintiff advances two primary arguments: (1) that the ALJ's RFC analysis is deficient, and (2) that the ALJ erred in discounting Plaintiff's subjective assertions of disabling pain and other symptoms. ECF 14-1 at 6-10. Each argument lacks merit for the reasons discussed below.

Plaintiff argues the ALJ's RFC analysis was deficient for several reasons. First, Plaintiff argues that the ALJ's conclusion that she "would require a sit/stand option where [she] could change positions generally every ten minutes" would require her to stand for a total of four hours per day, in violation of the physicians' opinions that she would only be able to stand for two hours. ECF 14-1 at 6. That argument disregards the flexibility inherent in the ALJ's RFC assessment. The ALJ describes a "sit/stand option" permitting Plaintiff to change position as needed every ten minutes, not a requirement that Plaintiff stand up from a seated position for ten minutes at a time throughout the workday. Plaintiff's contention, therefore, is unfounded.

Next, Plaintiff argues that the ALJ did not provide a function-by-function analysis and did not explain some of the limitations included in the RFC assessment. In contrast, however, the ALJ discussed at some length the basis for his findings regarding Plaintiff's ability to sit, stand, walk, handle and finger, and change positions. Tr. 19-20. With respect to some of the other limitations that were not expressly discussed, such as the restrictions regarding unprotected heights, humidity, wetness, and temperature extremes, even if such restrictions were imposed in error, they inure to Plaintiff's benefit by making the RFC more restrictive. Plaintiff has not identified any additional limitations that the ALJ should have imposed. Finally, Plaintiff suggests that the ALJ should have identified a basis for his "findings" that Plaintiff "required a sit/stand option at ten minute intervals, but would not be off task at all." ECF 14-1 at 8. The phrase about being "off task" simply explained a function of the "sit/stand option," as the restriction expressly indicated that the job should allow a person to sit or stand at ten minute intervals without leaving the workstation. Tr. 17.

Plaintiff's second argument is that the ALJ failed to properly explain his adverse credibility finding regarding the alleged intensity, persistence, and limiting effects of Plaintiff's symptoms. ECF 14-1 at 8-10. However, in contrast, the ALJ relied not only on objective records and examination results, but on Plaintiff's own reports to undermine her alleged symptoms. Tr. 19 ("[A]t a post-surgical follow-up she reported doing well with no significant pain."); Tr. 20 ("At an appointment on August 5, 2016, the claimant reported she was able to 'get down on her hands and knees' to clean her floor."). Thus, the ALJ appropriately considered Plaintiff's subjective statements, in addition to the relatively normal objective results from her medical examinations, to determine her condition. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Furthermore, the ALJ's assignment of "great weight" to the opinions of the State agency consultants did not require the ALJ to adopt every particular finding of the consultants, such as their indication that the Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms [were] substantiated by the objective medical evidence alone," Tr. 55, 63, 77, 87. In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge